IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RUTH ROYAL,

                Plaintiff,

v.                                      CIVIL  ACTION  NO.  3:11-0508

HEALTHSOUTH CORPORATION,
a Delaware corporation,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Currently pending is Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 8). For reasons set forth below, the motion is **DENIED**.

**I. Background**

Plaintiff was admitted to Rebound LLC d/b/a HealthSouth Rehabilitation Hospital of Huntington on April 29, 2009, on an in-patient basis to receive rehabilitation after a total hip replacement surgery performed at the VA Hospital in Huntington, West Virginia. Plaintiff alleges that she began demonstrating confusion and disorientation while admitted at HealthSouth. At approximately 6:00PM, on May 1, 2009, Plaintiff attempted to get out of bed. Plaintiff fell while trying to get out of bed. She alleges that she slipped on a ketchup packet which had fallen to the floor from the dinner served by Rebound. Following this incident, Plaintiff was transferred to the VA Hospital in Huntington, West Virginia for treatment of her injuries. As permitted by West Virginia law, Plaintiff served a notice of claim along with a statement of intent to provide a screening certificate on April 25, 2011. Plaintiff provided a screening certificate on June 15, 2011,

and filed this lawsuit on July 26, 2011. Defendant HealthSouth has moved to dismiss on the ground that Plaintiff failed to comply with the applicable statute of limitations

## II. Standard of Review

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41 (1957), which was long used to evaluate complaints subject to 12(b)(6) motions. 550 U.S. at 563. In its place, courts must now look for "plausibility" in the complaint. This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id*. (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained the requirements of Rule 8 and the "plausibility standard" in more detail. In *Iqbal*, the Supreme Court reiterated that Rule 8 does not demand "detailed factual allegations[.]" 129 S. Ct. at 1949 (internal quotation marks and citations omitted). However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Supreme Court continued by explaining that, although factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, this tenet does not apply to legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 1950. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)). The Supreme Court further articulated that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

### III. Discussion

The West Virginia Medical Professional Liability Act ("MPLA") establishes a two year statute of limitations for medical professional liability. W. Va. Code §55-7B-4. The limitation period begins to run as of the date of the injury or the date when a reasonable person should have discovered the injury, whichever is later. *Id*. Defendant argues, and Plaintiff does not dispute, that the statute of limitations began to run on May 1, 2009, the date that Plaintiff fell. Therefore, absent any tolling, the limitations period would have expired on May 1, 2011.

In a separate provision, the MPLA requires a plaintiff to serve on a health care provider a notice of claim and screening certificate of merit prior to initiating litigation. W. Va. Code §55-7B-6(b). The screening certificate is essentially an evaluation of the claim by a qualified expert. If a claimant has insufficient time prior to the expiration of the statute of limitations, a claimant may provide a statement of intent to provide a screening certificate along with the notice of claim. W. Va. Code §55-7B-6(d). The statement of intent allows the claimant up to 60 days in which to have his or her claims evaluated and submit the screening certificate. HealthSouth concedes (and the statute plainly implies) that the statute of limitations is tolled during this period.

In this case, Plaintiff served a notice of claim along with a notice of intent to provide a screening certificate on April 25, 2011, 6 days before the expiration of the original limitations period. This gave Plaintiff 60 days in which to file a screening certificate. On June 15, within the 60-day period, Plaintiff mailed a screening certificate. Thereafter West Virginia Code §55-7B-6(e) prohibited Plaintiff from filing her complaint for thirty days, during which time the health care provider can respond to the claim or request mediation. *State ex rel. Miller v. Stone*, 607 S.E.2d 485 (W. Va. 2004). HealthSouth did not respond to the screening certificate or request mediation, and Plaintiff filed this lawsuit on July 25, 2011. The issue raised by the motion to dismiss is whether the limitations period began to run at the end of the thirty day response period or whether it was tolled for an additional thirty days. That tolling provision of the MPLA reads as follows:

> Except as otherwise provided in this subsection, any statute of limitations applicable to a cause of action against a health care provider upon whom notice was served for alleged medical professional liability shall be tolled from the date of mail of a notice of claim to thirty days following receipt of a response to the notice of claim, thirty days from the date a response to the notice of claim would be due, or thirty days from the receipt by the claimant of written notice from the mediator that the mediation has not resulted in a settlement of the alleged claim and that mediation is concluded, whichever last occurs. . . .

W. Va. Code §55-7B-6(h). When the notice of claim and screening certificate are served contemporaneously, the MPLA clearly tolls the statute of limitations until thirty days from the date that a response would be due. When the screening certificate is served after the notice of claim, it is not clear that the same tolling period applies. HealthSouth takes the position that the limitations period began to run again on July 15 and expired on July 21, 5 days before the plaintiff filed this action. Plaintiff argues that the above statute tolls the limitations period for until August 15, thirty days from the date a response would be due.

In *Cooper v. Appalachian Regional Healthcare, Inc*, No. Civ.A 5:04-1317, 2006 WL 538925 (S.D.W. Va. March 3, 2006), Judge Faber found the statute of limitations to be tolled until thirty days from the date a response would be due to a screening certificate. After reviewing the relevant decisions of the West Virginia Supreme Court of Appeals, Judge Faber concluded that the limitations period was tolled for the latter of (1) thirty days from the defendant's response; (2) thirty days from the date a response would be due; or (3) thirty days from the date a claimant receives notice that mediation has concluded without a settlement, regardless of whether the claimant serves the screening certificate contemporaneously with the notice or opts to serve the screening certificate in the sixty day window provided by W. Va. Code §55-7B-6(d). *Id*. at *3.

While the tolling provision of the MPLA refers only to a notice of claim (and not a screening certificate) this reading of the statute is consistent with the supreme court of appeals holding that "[s]ervice of the Notice of Claim and Screening Certificate of Merit upon a health care provider is perfected upon actual service of the same by the health care provider. . ." *Elmore v. Triad Hospitals, Inc.*, 640 S.E.2d 217 (W. Va. 2006). Viewing the service of the screening certificate as perfection of the original notice of claim, it is logical to treat date of service of the screening certificate as the

effective date of service of the notice of claim, at least for tolling purposes. What's more, the supreme court of appeals has recognized that none of the pre-suit requirements of the MPLA were intended to restrict or deny access to the courts; their primary purposes are prevention of frivolous medical malpractice claims and promotion of pre-suit resolution of non-frivolous claims. *Hinchman v. Gillette*, 618 S.E.2d 387, Syl. Pt. 2 (W. Va. 2005); *Westmoreland v. Vaidya*, 664 S.E.2d 90, Syl Pt. 2 (W. Va. 2008).

## IV. Conclusion

The Court finds that W. Va. Code §55-7B-6(h) tolled the statute of limitations until thirty days from the date a response to the screening certificate would be due. While the supreme court of appeals has not directly addressed the issue, this result is consistent with the policies behind the MPLA and the decisions of the West Virginia Supreme Court of Appeals interpreting the same. Plaintiff's complaint is therefore timely and Defendant's Motion to Dismiss is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: December 19, 2011

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE