IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RUTH ROYAL,

           Plaintiff,

v.                                            CIVIL ACTION NO. 3:11-0508

REBOUND LLC,
a Delaware limited liability company
doing business as
HealthSouth Rehabilitation Hospital of Huntington,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Currently pending is Defendant Rebound, LLC's Motion to Set a Medical Professional Liability Act Status Conference (ECF No. 25) pursuant to West Virginia Code § 55-7B-6b. For the reasons set forth below, the Motion is **DENIED**.

**I. Background**

This is a medical malpractice action by Ruth Royal against Rebound, LLC d/b/a HealthSouth ("Rebound"). Royal is a citizen of West Virginia; Rebound, LLC is Delaware limited liability company authorized to do business in West Virginia, and the amount in controversy exceeds $75,000. Accordingly, there is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff was admitted to Rebound on April 29, 2009 on an in-patient basis to receive rehabilitation after a total hip replacement surgery performed at a different facility. Plaintiff alleges that she began demonstrating confusion and disorientation while admitted at Rebound. At approximately 6:00pm, on May 1, 2009, Plaintiff attempted to get out of bed. Plaintiff fell while trying to get out of bed. Plaintiff alleges that she slipped on a ketchup packet which had fallen to the floor from the dinner

served by Rebound. Plaintiff's Amended Complaint asserts two causes of action, namely medical negligence and premises liability. The medical negligence claim alleges that Rebound was negligent in failing to identify the plaintiff as a fall risk and failing to prevent the plaintiff from rising from her bed. The premises liability claim alleges that Rebound was negligent in failing to provide proper footwear and in failing to remove the slipping hazard which allegedly caused Plaintiff to fall. Rebound moved this Court, pursuant to W. Va. Code § 55-7B-6b of the West Virginia Medical Professional Liability Act ("MPLA"), to set a status conference and find that expert testimony is required in this matter.

**II. Discussion**

West Virginia Code § 55-7B-6b creates a time frame for the expedited resolution of cases against health care providers. Among other things, this section requires the Court to (a) convene a status conference; (b) identify contested facts and issues; (c) determine the time necessary for discovery; (d) determine whether expert testimony is necessary and, if so, establish dates for the disclosure of expert witnesses; (e) order a mandatory mediation; and (f) set a trial date within 24 months from the date the defendant made an appearance.

A number of the requirements of W. Va. Code § 55-7B-6b have already been satisfied by the parties' compliance with the Federal Rules of Civil Procedure. The Court's November 23, 2011 Scheduling Order (ECF No. 14) establishes a discovery schedule and time line for expert witness disclosures. This schedule was based on the parties' Rule 26(f) Report of Planning Meeting (ECF No. 13) which indicates that mediation shall take place on or before July 2, 2012. The case is set for trial on September 18, 2012, well within the 24 month limit contemplated by the West Virginia

statute. Insofar as Defendant's Motion invokes requirements which have already been satisfied, the Motion is **DENIED as moot**.

The only aspects of W. Va. Code § 55-7B-6b which remain unsatisfied are the requirements that the Court (a) convene a status conference; (b) identify contested facts and issues; and (c) determine whether expert testimony is necessary. Though the parties have not briefed the issue, the Court concludes that the remaining requirements of this section of the MPLA are inapplicable in federal court because they directly conflict with the Federal Rules of Civil Procedure and interfere with the essential functions of this Court.

It is well settled that a federal district court exercising diversity jurisdiction must apply the substantive law of the state in which it sits. *Erie R. R. Co. v. Tompkins*, 304 U.S. 64 (1938). Noting the often difficult distinction between "substance" and "procedure," this doctrine was refined so that federal district courts should adopt state laws or procedures where those practices would determine the outcome of the proceeding. *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 109 (1945). However, federal courts are not bound to follow state rules which "alter the essential character or function of a federal court," *Byrd v. Blue Ridge Elec. Co-op, Inc.*, 356 U.S. 525, 539 (1958). In determining whether a given state rule is substantive or procedural, courts are to give weight to the "twin aims of the Erie rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Hanna v. Plumer*, 380 U.S. 460, 468 (1965).

However, this inquiry changes dramatically when state rules directly conflict with a federal statute or with the Federal Rules of Civil Procedure. In such a case, the Federal Rules take precedence. *Id.* at 473–74 (1965) ("To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either

the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act."). Because of the lengthy period of study by the Advisory Committee, the Judicial Conference, the Supreme Court, and the statutory requirement that the Federal Rules be reported to Congress before taking effect, Federal Rules are presumptively valid under both the Constitution and the Rules Enabling Act. *Burlington N. R.R. Co. v. Woods*, 480 US 1, 5–6 (1987). In determining whether a state rule "directly conflicts" with a federal rule, the Court looks to whether the Federal Rule is sufficiently broad to control the issue, leaving no room for the operation of the state law. *Id*. at 4–5(*citing Walker v. Armco Steel Corp.*, 446 U.S. 740, 749–50 (1978)).

No federal court has examined the application of this section of the MPLA, though *Stanley v. United States*, 321 F. Supp 2d 805 (N.D.W. Va. 2004) is instructive. *Stanley* held that the pre-suit notification requirements of the West Virginia MPLA are substantive and must be given effect in federal court. *Id*. Importantly, *Stanley* noted that "a court's analysis is substantially simplified when a state provision, however classified, conflicts with a Federal Rule of Civil Procedure. The Supreme Court has drawn a clear line in such cases: Federal Courts are instructed to apply the federal rule when faced with such conflicts, regardless of whether those laws are formally deemed substantive or procedural." *Id*. at 808 (internal citations omitted). *Stanley* contrasted the pre-suit notification requirements at issue in that case with the post-suit expert disclosure requirements rejected in *Poindexter v. Bonsukan*, 145 F. Supp. 2d 800 (E.D. Texas 2001). The district court in *Poindexter*, after engaging in an *Erie* and *Hannah* analysis, concluded that "the mandatory timing, report content, and sanction provisions of [the Texas statute] abrogate the discretion provided by Rules 26(a)(2) and 37. Applying [the Texas statute] would so impinge on the broad procedural powers of the federal district courts to control discovery that it must yield to the federal scheme." *Id*. at 808.

The post-filing requirements of W. Va. Code § 55-7B-6b are analogous to the Texas statute rejected in *Poindexter*. By requiring a Plaintiff to "advise the Court whether the plaintiff intends to proceed without an expert, whether the expert who signed the screening certificate of merit will testify upon trial or whether additional experts will be offered by the plaintiff," W. Va. Code § 55-7B-6b directly conflicts with Rule 26(a)(2), which governs disclosure of expert witnesses, and Rule 37(c), which provides the course of action a court is to take when a party fails to comply with Rule 26's disclosure requirements. Furthermore, by requiring the Court to identify disputed facts and determine the necessity of expert testimony at a "status conference" 60 days after the defendant's first appearance, W. Va. Code § 55-7B-6b purports to require the Court to reach judgments without the benefit of the briefing and factual development which are necessary prerequisites to such determinations. This is in direct conflict with the manner in which the Federal Rules permit the parties to develop and test the sufficiency of a claim. As such, it is of no effect in federal court.

### III. Conclusion

For these reasons, Defendant's Motion Set a Medical Professional Liability Act Status Conference (ECF No. 25) is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: March 12, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE